**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**IN RE SUBPOENA ON CLAIMS**
**CONSULTANTS GROUP, ISSUED**
**IN THE U.S. DISTRICT COURT**
**FOR THE NORTHERN DISTRICT**
**OF FLORIDA, CASE NO.**
**3:23cv453/MCR/HTC**                                   Case No:   6:23-mc-22-RBD-LHP

**ORDER**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION**    **UNOPPOSED MOTION TO TRANSFER AND**
> **MOTION FOR EXTENSION OF TIME (Doc. No. 2)**
>
> **FILED:**    November 24, 2023
>
> ___
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED IN PART AND DENIED WITHOUT PREJUDICE IN PART**.

Plaintiffs Westchester Surplus Lines Insurance Company, Arch Specialty Insurance Company, AXIS Surplus Insurance Company, Evanston Insurance Company, Aspen Specialty Insurance Company, and Maxum Indemnity Company ("Plaintiff Insurers") move for an order compelling the production of

documents requested by a subpoena *duces tecum* served on non-party Claims Consultants Group, LLC ("CCG").  Doc. No. 1.

This matter arises out of a declaratory judgment action pending in the Northern District of Florida, *Westchester Surplus Lines Ins. Co., et al. v. Portofino Master Homeowners Ass'n, Inc., et al*, Case No. 3:23-cv-453-MCR-HTS.   In short, the Plaintiff Insurers are challenging an appraisal award rendered in connection with a dispute involving more than $230 million in Hurricane Sally damage claims made by more than 700 individual residents and six different homeowners associations.  Doc. No. 1, at 2; Doc. No. 2, at 2.  On September 14, 2023, Plaintiff Insurers served a subpoena duces tecum on CCG, who served as the umpire in the appraisal process.  Doc. No. 1-1.  The subpoena directs CCG, who is located in Lake Mary, Florida, to produce the requested documents on "Cozen O'Connor, 1801 N. Military Trail, Suite 200, Boca Raton, FL 33431" on October 16, 2023 at 10:30 a.m.  *Id.*, at 5.  The subpoena further states that "Documents may be transmitted by email to lmurphy@cozen.com or mailed to the address below."  *Id.*

On October 3, 2023, CCG served its objections to the subpoena duces tecum.  Doc. No. 1-2.  And on November 8, 2023, counsel for Plaintiff Insurers attempted to confer via letter on the objections.  Doc. No. 1-3.  It appears that the conferral efforts were unsuccessful, and the present motion thereafter was filed.  Doc. No. 1.  CCG has not yet responded to the motion, and the time to do so has not yet

expired.  *See* Local Rule 3.01(c).  Instead, on November 24, 2023, CCG filed an unopposed motion seeking to transfer this matter to the Northern District of Florida and for an extension of time to respond to the motion to compel.  Doc. No. 2.  As noted in the motion, Plaintiff Insurers do not object to the transfer or to the extension of the response deadline.  *Id.*, at 5.

As an initial matter, the undersigned questions whether this Court is the proper venue for either pending motion.  Federal Rule of Civil Procedure 45(d)(2) provides that a motion seeking to compel compliance with a subpoena must be filed in "the district where compliance is required."  In addition, Rule 45(f) provides that "[w]hen the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." While CCG clearly consents to the transfer, it is not clear whether this Court is the "court where compliance is required."  Rule 45 does not define the term "court where compliance is required," but does provide that a subpoena duces tecum may command production of documents at a place within 100 miles of where the subject of the subpoena resides, is employed, or regularly transacts business in person.  Fed. R. Civ. P. 45(c)(2)(A).  And here, it is undisputed that CCG is located in Lake Mary, Florida, and that the place of compliance is located in Boca Raton, Florida, more than 100 miles away.  Doc. No. 1-1, at 5.  Thus, it would

seem that the proper venue for the present motions is the Southern District of Florida (which encompasses Boca Raton), not this Court.

In a footnote, Plaintiff Insurers argue that this Court is the proper venue because CCG resides within the Middle District of Florida. Doc. No. 1, at 1 n. 1. But Plaintiff Insurers provide no legal authority to support this statement. Nor could Plaintiff Insurers, for "[t]he prevailing rule across federal courts, and the courts within this circuit, is that a subpoena's place of compliance is the district where documents are to be produced." *Celestin v. City of Ocoee*, Case No. 6:21-cv-896-RBD-EJK, 2022 WL 833131, at *1 (M.D. Fla. Jan. 13, 2022) (denying motion to compel production of documents which listed a location in New York to send the requested documents).

Plaintiff Insurers next argue that the 100-mile rule set forth in Fed. R. Civ. P. 45(c)(2)(A) does not apply because CCG can respond to the subpoena via email, and therefore need not personally travel outside of the 100-mile limit. *Id.*, at 4–6. However, the cases Plaintiff Insurers cite for this proposition are all in the context of resolving a motion to quash relating to the 100-mile limit of Rule 45(c), none address productions via email, and none define "place of compliance" to mean the location where the subject of the subpoena resides. *See id.* On the other hand, while CCG — also in a footnote — states that it disagrees with Plaintiff Insurers' view that the Middle District of Florida is the place where compliance is required

in light of the option to produce documents via email, CCG also states that it "is of the opinion that this Court has the authority to transfer the matter to the Northern District of Florida under Rule 45(f)." Doc. No. 2, at 3 n. 2. CCG also makes these statements without any legal authority in support.

The undersigned has also been unable to locate any legal authority in this Circuit stating that production via email impacts the determination of the place where compliance is required for purposes of either a motion to compel or a motion to transfer. However, the Court is persuaded by the 2013 advisory committee notes to Rule 45(c)(2), which state that the production of documents via electronic means facilitates discovery, and that "nothing in these amendments limits the ability of parties to make such arrangements." Fed. R. Civ. P. 45 (Advisory Committee Notes 2013). Moreover, production via email would negate any need for travel outside any 100-mile radius implicated by Rule 45(c).

In sum, the Court is faced with conflicting positions as to whether this Court is the proper venue for addressing the present motion to compel, but the parties are in agreement that this Court is the proper venue for addressing a motion to transfer. *See* Doc. Nos. 1–2. And while the legal authority the Court has located clearly states that the place of compliance is where the documents are to be produced, the Court has not located any authority in this Circuit addressing how

emailing the documents impacts the place of compliance.[1]  Thus, in the absence of such authority, given CCG's consent to transfer and Plaintiff Insurers' agreement to same, and in the interests of judicial efficiency, the Court will grant the motion to transfer in this one instance and based on the specific facts of this dispute.  However, the Court will deny without prejudice the request for additional time to respond, and direct CCG to file a renewed motion with the Northern District of Florida.

Accordingly, CCG's Unopposed Motion to Transfer and Motion for Extension of Time (Doc. No. 2) is **GRANTED IN PART AND DENIED WITHOUT PREJUDICE IN PART.**  The request to transfer this matter is **GRANTED** and the Clerk is directed to forthwith transfer the motion to compel (Doc. No. 1) to the Northern District of Florida, to be consolidated with Case Number 3:23-cv-00453/MCR/HTC.   CCG's request for an extension of time to

---

[1] The Court notes that this issue has been addressed in other Circuits, but there appears to be no legal authority directly on point in the Eleventh Circuit.

respond to the motion (Doc. No. 2) is **DENIED WITHOUT PREJUDICE** to refiling in the Northern District of Florida.

    **DONE** and **ORDERED** in Orlando, Florida on December 1, 2023.

*[Signature]*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties